United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| McCOY BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civ. A. H-15-2108 |
| § | |
| CATHY JIMMONS and VIVIAN § | |
| COLEMAN OKUNDAY, § | |
| § | |
| Defendants. § | |

### OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced case, grounded in Title VII of the Civil Rights Act of 1964 and alleging employment discrimination in termination of *pro se* Plaintiff McCoy Brown ("Brown") from his job as a security guard at the Mission Care Center, a nursing home, on the grounds that Brown, proceeding *in forma pauperis*, is an ex-felon and in retaliation for asking a state inspector not to park in a designated parking area, is Defendants Cathy Jimmons ("Jimmons") and Vivian Coleman Okunday's ("Okunday's")(collectively "Defendants") motion to dismiss under Federal Rule of Civil Procedure 41(b)[1] or, in the alternative, motion for summary judgment (instrument #15), based on a want of prosecution or, alternatively, a failure to file a timely charge

---

[1] Rule 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under subdivision (b) and any dismissal not under this rule--except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

with the Equal Employment Opportunity Commission ("EEOC").  Brown has failed to file a response.

Defendants argue that in the charge of discrimination attached to Brown's complaint (#1-1), Brown states that the discriminatory action took place on April 17, 2013.  The charge is not signed, dated, or notarized.  The EEOC's investigatory file reveals that Brown did not contact the EEOC until March 6, 2015, almost two years later.  Ex. B, at 1, 16, 21-14.  Moreover, Brown has failed to comply with the Federal Rules of Civil Procedure and Magistrate Judge Frances Stacy's Order for Conference and Disclosure of Interested Parties (#3).

The Court, however, finds that dismissal is appropriate on other grounds, i.e., under  28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because the action is frivolous and fails to state a claim on which relief may be granted.

### Standard of Review

This Court may dismiss a complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(1) if the Court finds that "the  action is frivolous or malicious."   *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25 (1989).  A complaint lacks an "arguable basis in law" if it is based on an indisputably "meritless legal theory" or a violation of a legal interest that does not exist, e.g., because defendants are absolutely immune from suit, or the complaint asserts a violation of a legal interest that does not exist, or the action

is clearly barred by limitations. *See, e.g.*, *Allison v. Kyle*, 66 F.3d 71, 72 (5th Cir. 1995); *Alfred v. Corrections Corp. of America*, 437 Fed. Appx. 281, 284 (5th Cir. June 7, 2011)("[A] claim lacks an arguable basis in law if it is grounded on an indisputably meritless theory or alleges a violation of a legal interest that clearly does not exist."). The Court may dismiss factual allegations that are "'clearly baseless,'" "'fanciful,'" "'fantastic,'" or "'delusional.'" *Alfred*, 2011 WL 2201188 at *2, citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeably facts available to contradict them." *Id., citing id.* at 33. The court may not dismiss allegations merely because they are unlikely. *Id., citing id.*

Allegations of a *pro se* plaintiff are held to less stringent standards that formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). The Court has liberally construed Plaintiff's pleadings with appropriate deference, but concludes the complaint should be dismissed as frivolous as it fail to state a claim on which relief may be granted.

### Relevant Law

Under section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2), it is "an unlawful employment action for an employer . . . (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges

of employment because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

Brown's claim of discriminatory termination is expressly based on his status as an ex-felon, and not on his race, color, religion, sex or national origin. Thus he fails to state a claim under Title VII.

Brown's retaliation claim also fails as a matter of law. To prevail on a claim for retaliatory discharge under Title VII, 42 U.S.C. § 2000e-3(a), a plaintiff must initially make a *prima facie* case by showing by a preponderance of the evidence that (1) that he engaged in an activity protected by Title VII, (2) the employer took an adverse employment action against him, and (3) there was a causal connection between the protected activity and that adverse reaction. *Mota v. The University of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995). An employee has engaged in activity protected by Title VII if he has "opposed any practice made an unlawful employment action" by Title VII or if he has "made a charge, testified, assisted, or participated in any manner of investigation, proceeding, or hearing" under the statute. 42 U.S.C. § 2000e-3(a); *Mota*, 261 F.3d at 519. "Adverse employment actions" include only "ultimate

employment decisions . . . 'such as hiring, granting leave, discharging, promoting, and compensating.'"  *Id.*  Brown's retaliation claim is based on requesting the state inspector to move her car because it was parked in an area designated for other drivers.  Brown was not opposing any practice made an unlawful employment action by Title VII nor any EEOC charge or testimony by him in any proceeding regarding an adverse employment action based on race, color, religion, sex or national origin.

Moreover, Title VII claims, including claims for retaliation, may only be adjudicated in federal court if the plaintiff exhausted her administrative remedies in a timely manner.  42 U.S.C. § 2000e-5(e)(1).  *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994).  This exhaustion requirement is jurisdictional, a statutory prerequisite for filing suit.  *Nat'l Ass'n of Gov't Employees v. City Public Service Bd.*, 40 F.3d 698, 711 (5th Cir. 2007); *EEOC v. WC&M Enterprises, Inc.*, 496 F.3d 393, 398 (5th Cir. 2007).  Under Title VII, 42 U.S.C. § 2000e-5(e)(1), a charge of discrimination must be filed with the EEOC within 180 days after the occurrence of the alleged discriminatory practice unless the complainant has instituted proceedings with a state or local agency with the authority to grant of seek relief from unlawful employment practices, under which circumstances the period for filing such a charge with the EEOC is extended to 300 days.  *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). In Texas, the qualifying state agency is now the Texas Commission on Human Rights.  Discrete discriminatory acts, such as Brown's termination on April 17, 2013, which are easy to identify on the

date they happen, are not actionable if time barred, i.e., if they occurred more than 180 or 300 days before the plaintiff filed a charge with the EEOC. *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 113 (2002)("A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."); *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 647 (2007).

### Court's Decision

For these reasons, the Court

ORDERS that this case is DISMISSED with prejudice. Defendants' motion to dismiss or for summary judgment (#15) is MOOT.

**SIGNED** at Houston, Texas, this  31st  day of  August , 2016.

                                    _____
                                            MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE